**5**

LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Jeffrey Vetter, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| In re: | Case No. 12-18869-A-7 |
|---|---|
| RUSSELL BUSHNELL, JR., | Chapter 7 |
| | DC No. KDG-2 |
| Debtors. | **MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY SUBJECT TO HIGHER AND BETTER BID** |
| | Date:  April 25, 2013<br>Time:  1:00 p.m.<br>Place: U.S. Bankruptcy Court<br>       1300 18th Street, First Floor<br>       Bakersfield, California<br>Judge: Fredrick E. Clement |

Jeffrey Vetter, Chapter 7 Trustee ("Trustee"), respectfully represents:

**I.      INTRODUCTION**

The Trustee moves the court for authority to sell the estate's right to payment under a land sale contract between Russell Bushnell, Jr. ("Debtor") and Lance Rogers ("Buyer") related to the real property located at 1245 Orchard Street, Ridgecrest, California ("the Real Property") for $5,000.00. Although the land sale contract ("the Contract") was rejected by operation of 11 U.S.C. § 365(d)(1), Buyer has retained possession of the Real Property, which obligates Buyer to make all payments due under the contract. 11 U.S.C. § 365(i)(2)(A). Although the Contract

does not state a specific term, the Contract requires payment of an additional $9,800.00 through payments of $300.00 per month. The Trustee believes that the sale of the estate's interest in the Contract is in the best interest of Debtor's estate because it will yield $5,000.00 for distribution by the estate, based on (1) the offer received from Buyer, (2) the information included in Debtor's schedules, and (3) the information received from the Debtor and Buyer.

## II.    JURISDICTION, AUTHORITY, AND SUMMARY OF ARGUMENT

The Court has jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 363. This is a core matter under 28 U.S.C. § 157(b)(2)(A) & (N).

11 U.S.C. §363(b)(1) authorizes sales of property of the estate "other than in the ordinary course of business." To invoke Section 363(b)(1) the movant must articulate a business justification for his actions. *In re Lionel Corporation*, 722 F.2d 1063, 1071 (2nd Cir. 1983). Liquidation of assets of the estate is a proper business purpose for the Chapter 7 trustee. 11 U.S.C. §704(a)(1).

Sale is proper in one of three ways: (1) sale through confirmed plan, 11 U.S.C. §1123(a)(5)(D), 1322(b)(10); (2) public auction, Fed. R. Bankr. P. 6004(f)(1); or (3) private sale with opportunity for overbid, Fed. R. Bankr. P. 6004(f)(1), *In re Mama's Original Foods, Inc.*, 234 B.R. 500, 505 (Bankr. C.D. Cal. 1999) (court acts as auctioneer but must offer overbid opportunity). March, Ahart and Tchaikovsky, California Practice Guide: Bankruptcy, Use, Sale & Lease of Estate Property §§14:596-14:600 (The Rutter Group 2010).

Here, the Trustee requests authority to sell the estate's interest in the Contract at a private sale with an opportunity for overbid. The bidding instructions are detailed in the Notice of Hearing filed concurrently with this Motion.

The Contract was rejected by operation of 11 U.S.C. § 365(d)(1) when Trustee did not assume the contract within 60 days of the petition date. 11 U.S.C. § 365(i)(2) provides that a buyer under a land sale contract that retains possession of the property in question shall continue to make all payments due under the land sale contract and the trustee shall deliver title to the buyer of under the land sale contract. Further, 11 U.S.C. § 365(j) provides that a buyer of a rejected land sale contract that does not retain possession of the property has a lien against

the property for the portion of the purchase price paid under the contract.

The trustee has not retained a real estate broker and no commission on the sale will be paid.

### III. FACTUAL BACKGROUND

Jeffrey Vetter is the Trustee in the Chapter 7 case filed by Debtor. Debtor filed for relief under Chapter 7 on October 22, 2012.

#### A. The Real Property and Land Sale Contract.

The Real Property is a lot located at 1245 Orchard Street, Ridgecrest, California. The Real Property was sold by Debtor to Buyer under the Contract in August 2011 for $18,000.00. Under the terms of the Contract, Buyer was to pay Debtor $18,000.00 by paying $2,500.00 as a down payment and $300.00 per month thereafter until the purchase price was paid in full. Debtor valued the Real Property at $18,000.00 in Debtor's *Schedule A – Real Property* and noted that the Real Property was subject to the Contract in Debtor's *Schedule G – Executory Contract and Unexpired Leases*. Copies of Schedule A and Schedule G are attached to the Exhibits as Exhibits "A" and "B." Debtor's schedules listed no liens or other interests held by any other party. Additionally, Debtor did not claim an exemption in the Real Property. Copies of Schedules C and D filed by Debtor are attached as Exhibits "C" and "D" to the Exhibits.

#### B. Current Status of Land Sale Contract and Real Property

Buyer has paid $8,200.00 of the purchase price to Debtor and Trustee under the Contract. Trustee did not assume the Contract within 60 days of the petition date. Therefore, the Contract was rejected by operation of law. *See* 11 U.S.C. § 365(d)(1). Buyer has retained possession of the Real Property and continued to make payments to Trustee as required by the Contract. Therefore, Buyer has the right to continue to possess and pay for the Real Property under the Contract under 11 U.S.C. § 365(i)(2).

Buyer has improved the Real Property since the property was purchased by Buyer in 2011. Buyer has put a mobile home valued at $5,200.00 on the Real Property. Buyer planted 5 trees and installed a 6-foot wood fence on the property costing the Buyer about $1,800.00.

///

### C. The Offer and Purchase Terms

The Buyer offered to purchase the estate's interest in the Contract for $5,000.00. The Trustee accepted the Buyer's offer and believes that the offer represents the fair market value of the estate's interest in the Contract, subject to higher and better bid at the time of the hearing.

Buyer made a deposit of $500.00 which is being held by the Trustee. Buyer intends to pay the remaining balance after approval of the sale by the Court.

The Trustee believes that the sale of the estate's interest in the Contract to Buyer is in the best interest of the estate because it will yield $5,000.00 to be distributed to creditors because there are no transaction costs, lien holders, or exemptions to pay from the proceeds received from the sale.

### IV. ARGUMENT

Trustee requests authorization to sell the estate's interest in the Contract to Buyer. Trustee believes that the sale is an appropriate exercise of his business judgment. Trustee believe that the sale is in the best interest of the estate in his business judgment because Buyer has the right to continue to pay the estate under the Contract under 11 U.S.C. § 365(i)(2). This would result in the payment of $9,800.00 over about 33 months. Trustee believes that accelerating payment under the Contract at a discount is in the best interest of the estate so that creditors do not have to wait for almost 3 years before they receive a distribution from the estate.

Trustee does not believe that he can sell the Real Property free and clear of Buyer's interest because Buyer has exercised its right to possession and payment under 11 U.S.C. § 365(i)(2). However, in the case that Trustee could sell the Real Property free and clear of Buyer's interest in the Real Property, Buyer would have a lien of at least $9,800.00 under 11 U.S.C. § 365(j). Also, Trustee believes that Buyer would have a claim for the improvements he has made to the Real Property, which could be as much as $7,000.00. Finally, Trustee would have to pay a real estate broker to market and sell the Real Property at an estimated cost of 6% of the sale price. Therefore, the estate could be left with less than $200.00 from the Real Property if the Debtor's estimate of value of the Real Property is accurate at $18,000.00 and

1 Buyer's lien is determined to be valued at $16,800.00 and Trustee paid a real estate broker.

2 For the foregoing reasons, Trustee believes it is an appropriate exercise of business judgment to sell the estate's interest in the Contract to Buyer for $5,000.00.

V. **CONCLUSION AND PRAYER FOR RELIEF**

The Trustee represents that the proposed sale was negotiated in good faith and at arm's length, is fair and equitable, is in the best interest of the bankruptcy estate, and represents a reasonable recovery for the bankruptcy estate. The Trustee represents that the sale is an appropriate exercise of his business judgment.

WHEREFORE, Trustee prays that:

1. the Motion be granted;

2. he be authorized to sell the estate's interest in the Contract to Lance Rogers ("Buyer") for $5,000.00, subject to higher and better bids at the hearing;

3. he be authorized to execute all documents necessary to effectuate the sale of the Contract to Buyer, or to the highest bidder(s) at the hearing, including conveying title to the Real Property;

4. the 14 day stay of order imposed by rule 6004(h) Federal Rules of Bankruptcy Procedure, be waived and not applicable to the order; and

5. for such other relief as the court determines is just and proper.

Dated: April 4, 2013

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ *Lisa Holder*
LISA HOLDER, Attorneys for
Jeffrey Vetter, Chapter 7 Trustee